

FILED
2/10/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JEREMIAH HARRIS

No. 20 CR 637

Judge Manish S. Shah

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JEREMIAH HARRIS, and his attorneys, TODD S. PUGH and JOSHUA G. HERMAN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with sexual exploitation of children, in violation of Title 18, United States Code, Section 2251(a) (Counts 1, 4, 5, and 6); enticement of a child, in violation of Title 18, United States Code, Section 2422(b) (Count 2); receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) (Count 3); and travel with intent to engage in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(b) (Count 7).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorneys.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count Three, which charges defendant with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A); and Count Seven, which charges defendant with travel with intent to engage in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(b).

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Three and Seven of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

a.      With respect to Count Three of the indictment:

Beginning from approximately in or around July 2020 and continuing to approximately in or around August 2020, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere, JEREMIAH HARRIS knowingly received and attempted to receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate commerce, and that had been shipped and transported in and affecting interstate commerce by any

2

means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1).

Specifically, during the summer of 2020, HARRIS met Minor 2, who was 17 years of age and who HARRIS knew was under 18 years of age, and began communicating with Minor 2 over Snapchat, an online messaging application. Between July and August 2020 HARRIS repeatedly requested that Minor 2 take sexually explicit photographs and videos of himself and send them to HARRIS in exchange for approximately $2,000 in payments. The images and videos Minor 2 sent to HARRIS were child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and depicted the penis and anus of a minor.

      b.    With respect to Count Seven of the indictment:

On or about May 2, 2019, at Dallas, in the Northern District of Texas, Dallas Division, and elsewhere, JEREMIAH HARRIS traveled in interstate commerce, from Texas to Florida, for the purpose of engaging in illicit sexual conduct as defined in Title 18, United States Code, Section 2423(f), in that he traveled with intent to engage in a sexual act with Minor 5, who was 15 years old, and who was at least four years younger than defendant; in violation of Title 18, United States Code, Section 2423(b).

Specifically, on May 2, 2019, HARRIS left Dallas, Texas on a flight which arrived in Orlando, Florida the same day. Prior to departing Dallas, HARRIS, who was 19 years of age at that time, had multiple conversations with Minor 5, a child who was 15 years of age, and planned to meet with Minor 5 in Orlando for purposes

of engaging in illicit sexual conduct with Minor 5. HARRIS had previously attempted to meet with Minor 5 for other illicit sexual encounters in other states but had not been successful.

Once in Orlando, HARRIS contacted Minor 5 by text message and directed Minor 5 to meet HARRIS in a public bathroom. When Minor 5 arrived at the bathroom, HARRIS sexually assaulted Minor 5. At the time of the sexual assault, HARRIS acknowledges that he was more than 4 years older than Minor 5. HARRIS further acknowledges that one purpose of his travel to Orlando was to engage in illicit sexual conduct with Minor 5.

7.     Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offenses:

a.     **Stipulated Offense No. 1**

From in or around December 2018 through in or around March 2020, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere, JEREMIAH HARRIS did knowingly use, persuade, induce, and entice a minor, namely Minor 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction defendant knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and

4

affecting interstate and foreign commerce by any means, and which visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Section 2251(a).

Specifically, in or around December 2018, HARRIS contacted Minor 1 on Instagram. At that time, Minor 1 was 13 years old. HARRIS continued to contact Minor 1 through Instagram, Snapchat, and FaceTime over the next two years, until Minor 1 was approximately 15 years old. During that time, HARRIS repeatedly requested Minor 1 to both produce and send HARRIS child pornography images and videos depicting Minor 1 engaging in sexually explicit conduct. At HARRIS' request, Minor 1 created multiple images and videos of himself, which images and videos were child pornography, and sent them to HARRIS. Minor 1 created all of these images and videos with his iPhone and transmitted the images and videos to HARRIS over the internet.

### b. Stipulated Offense No. 2

On or about May 3, 2019, at Orlando, in the Middle District of Florida, Orlando Division, JEREMIAH HARRIS, using a facility and means of interstate commerce, namely the internet, did knowingly persuade, induce, and entice Minor 1, a minor who had not attained the age of 18 years, to engage in sexual activity for which the defendant could be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

Specifically, on or about May 3, 2019, while at an event in Orlando, Florida that HARRIS knew Minor 1 was also attending, HARRIS used his cellular phone to send Minor 1 a text message which read, "Hey btw I found a place for us to do stuff it's actually pretty good haha." HARRIS intended the message as an invitation for Minor 1 to meet HARRIS in a public bathroom for purposes of oral sex. Based on a previous encounter with HARRIS at an event in Texas, Minor 1 knew that HARRIS wanted to engage in illicit sexual conduct and rejected HARRIS' request to meet. HARRIS knew that Minor 1 was 15 years old at the time HARRIS attempted to entice him to meet. HARRIS further acknowledges that sexual conduct between HARRIS and Minor 1 would have violated state law.

### c.    Stipulated Offense No. 3

From in or around July 2020 and continuing to in or around August 2020, at Naperville, in the Northern District of Illinois, Eastern Division, and elsewhere, JEREMIAH HARRIS did knowingly use, persuade, induce, and entice a minor, namely Minor 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction defendant knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and which visual depiction

was actually transported and transmitted in and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Section 2251(a).

Specifically, between July 2020 and August 2020, HARRIS repeatedly requested Minor 2, who was 17 years of age and who HARRIS knew was a minor, to engage in sexually explicit conduct and to create photographs and videos of himself engaged in sexually explicit conduct. At HARRIS' request, and in exchange for approximately $2,000, Minor 2 created sexually explicit images and videos and sent them to HARRIS over the internet.

### d. Stipulated Offense No. 4

From in or around February 2019 and continuing to in or around May 2019, at Corsicana, in the Northern District of Texas, Dallas Division, and elsewhere, JEREMIAH HARRIS did knowingly use, persuade, induce, and entice a minor, namely Minor 4, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction defendant knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and which visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Section 2251(a).

7

Specifically, in or around February 2019 HARRIS met Minor 4, who was 15 years old, online and began communicating with Minor 4 over Snapchat. As part of his communications with Minor 4, HARRIS repeatedly requested Minor 4 to engage in sexually explicit conduct and to take images and videos of himself engaged in sexually explicit conduct for purposes of sending those child pornography images and videos to HARRIS. HARRIS instructed Minor 4 to create videos of Minor 4 masturbating. HARRIS gave Minor 4 specific instructions regarding what HARRIS wanted Minor 4 to do in videos and photographs. At HARRIS's direction, Minor 4 made the requested child pornography images and videos and sent them to HARRIS over the internet.

### e. Stipulated Offense No. 5

From in or around August 2017 and continuing to in or around May 2019, at Corsicana, in the Northern District of Texas, Dallas Division, and elsewhere, JEREMIAH HARRIS did knowingly use, persuade, induce, and entice a minor, namely Minor 5, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction defendant knew and had reason to know would be transported and transmitted using any means and facility of interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and which visual depiction

was actually transported and transmitted in and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Section 2251(a).

Specifically, between August 2017 and May 2019, HARRIS repeatedly requested Minor 5, over Snapchat and other media, to engage in sexually explicit conduct and to record the conduct in both photographs and videos for purposes of sending the photographs and videos to HARRIS. At HARRIS's request, Minor 5 created sexually explicit photographs and videos of himself, using his iPhone, and sent the child pornography images and videos to HARRIS over the internet. Minor 5 engaged in this conduct at HARRIS' request from the time Minor 5 was 13 until he was 15 years old.

HARRIS acknowledges that Snapchat, Instagram and FaceTime are facilities of interstate commerce and that HARRIS' above described communications with Minors 1, 2, 4, and 5 moved in interstate commerce.

## Maximum Statutory Penalties

8. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count Three carries a maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Count Three also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count Three, the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b. Count Seven carries a maximum sentence of 30 years' imprisonment. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count Seven also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count Seven, the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

c. Defendant further understands that the Court must order restitution to the victims of the offenses in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

d. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

e. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 50 years' imprisonment, and the minimum sentence is 5 years' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

f. Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 if the Court determines that he is a non-indigent person.

10

## Sentencing Guidelines Calculations

9.      Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

11

b.     **Offense Level Calculations**.

<u>**Count Three**</u>

i.     Pursuant to Guideline § 2G2.2(c)(1), because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, Guideline § 2G2.1 applies and the base offense level for the offense is 32, pursuant to Guideline § 2G2.1(a).

ii.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(6)(B), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

iii.     Accordingly, the total offense level for the offense is 34.

<u>**Count Seven**</u>

iv.     The base offense level for the offense of conviction is 24, pursuant to Guideline § 2G1.3(a)(4).

v.     Defendant receives a two-level increase, pursuant to Guideline § 2G1.3(b)(2), because the defendant unduly influenced a minor to engage in prohibited sexual conduct.

vi.     Defendant receives a two-level increase, pursuant to Guideline § 2G1.3(b)(3), because the offense involved the use of a computer or an

interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

        vii.      Defendant receives a two-level increase, pursuant to Guideline § 2G1.3(b)(4)(A), because the offense involved the commission of a sex act or sexual contact.

        viii.      Accordingly, the total offense level for the offense is 30.

### Stipulated Offense One

        ix.      The base offense level is 32, pursuant to Guideline § 2G2.1(a).

        x.      Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(1)(B), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

        xi.      Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(6)(B), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

        xii.      Accordingly, the total offense level for Stipulated Offense One is 36.

### Stipulated Offense Two

        i.      The base offense level is 28, pursuant to Guideline § 2G1.3(a)(3).

ii.     Defendant receives a two-level increase, pursuant to Guideline § 2G1.3(b)(3), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

iii.    Accordingly, the total offense level for Stipulated Offense Two is 30.

### Stipulated Offense Three

i.      The base offense level is 32, pursuant to Guideline § 2G2.1(a).

ii.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(6)(B), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

iii.    Accordingly, the total offense level for Stipulated Offense One is 34.

### Stipulated Offense Four

i.      The base offense level is 32, pursuant to Guideline § 2G2.1(a).

ii.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(1)(B), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

14

iii.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(6)(B), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

iv.     Accordingly, the total offense level for Stipulated Offense Four is 36.

### Stipulated Offense Five

v.     The base offense level is 32, pursuant to Guideline § 2G2.1(a).

vi.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(1)(B), because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

vii.     Defendant receives a two-level increase, pursuant to Guideline § 2G2.1(b)(6)(B), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

viii.     Accordingly, the total offense level for Stipulated Offense Five is 36.

**Grouping**

ix.     Pursuant to Guideline § 3D1.2, none of the offenses group together and should be treated separately.

1.      The group with the highest offense level is Stipulated Offense 1, with an offense level of 36.  That group is assigned one Unit pursuant to Guideline § 3D1.4(a).

2.      There are four groups that are equally serious or from one to four levels less serious than Stipulated Offense 1: Count 3, Stipulated Offense 3, Stipulated Offense 4, and Stipulated Offense 5. Each of those groups is assigned one Unit, pursuant to Guideline § 3D1.4(a), for a total of four Units.

3.      There are two groups that are fight to eight levels less serious than Stipulated Offense 1: Count 7 and Stipulated Offense 2. Each of those groups  is assigned one-half Unit, pursuant to Guideline § 3D1.4(b), for a total of one Unit.

x.     There are a total of six Units. Pursuant to Guideline § 3D1.4, because there are more than five Units, there is a five-level increase in the offense level, which, when added to the offense level applicable to group with the highest offense level, 36, results in a combined offense level of 41.

**Repeat and Dangerous Sex Offender Against Minors**

xi.     Pursuant to Guideline § 4B1.5(b)(1), five-levels are added because the instant offense is a covered sex crime, defendant engaged in a pattern of

16

activity involving prohibited sexual conduct, he is not a career offender, and he has no prior conviction for a sex offense, resulting in a total offense level of 46.

xii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xiii.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

17

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 43 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of life imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Pursuant to Guideline § 5G1.1(a) because the statutorily authorized maximum sentence of 50 years is less than the applicable guideline range, 50 years is the guideline sentence. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

18

11.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

12.     Each party is free to recommend whatever sentence it deems appropriate.

13.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

15.    Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A, and that Defendant also agrees to pay additional restitution, arising from the stipulated offense conduct set forth above, to Minors 1, 2, 4, and 5, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

16.    Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.    Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18.    Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

19.    Defendant agrees to waive and abandon any right, title, or interest he has in the following property: an Apple iPhone 11 Pro Max, S/N G6TCC8AYN70K, bearing IMEI 353892108825699. Defendant understands that the government, after

20

publication of notice to any others who may have an interest in the property, will seek an order of abandonment from the Court, thereby authorizing the United States to destroy or otherwise dispose of such property according to law. Defendant understands that abandonment of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose.

20.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment, as well as the forfeiture allegation as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

#### Nature of Agreement

21.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 20 CR 637.

22.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

**Waiver of Rights**

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    b.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf

    c.  **Waiver of appellate and collateral rights**.

Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that

Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

24.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

25.     Defendant understands that he has the right to be prosecuted for any criminal offense in the district or districts where the offense was committed. By

24

signing this Agreement, defendant knowingly consents to prosecution of the charges against him in the Northern District of Illinois and waives any objection to the venue of this prosecution.

### Presentence Investigation Report/Post-Sentence Supervision

26. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

27. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

29. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex

26

offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

30.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

### Other Terms

31.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

32.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

33.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

34.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its

option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

35.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

36.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

37.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he

understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 2/10/2022

JOHN R. LAUSCH, JR.
United States Attorney

KELLY GUZMAN
Assistant U.S. Attorney

JEREMIAH HARRIS
Defendant

TODD S. PUGH
JOSHUA G. HERMAN
Attorneys for Defendant

29